IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ADRIENNE GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Hon. |
| GOVERNORS STATE UNIVERSITY, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Adrienne Gray, for her Complaint against Defendant Governors State University, states as follows:

1. Adrienne Gray ("Ms. Gray") is an individual who resides, and has resided at all times relevant to this Complaint, in Country Club Hills, Cook County, Illinois.

2. Governors State University ("GSU") is an Illinois public university located in University Park, Will County, Illinois.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because GSU resides in the Northern District of Illinois and §1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

4. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 because the claims arise under federal law, specifically the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§623(a)(1), (d).

5. Ms. Gray is currently 69 years old.

6. Ms. Gray was hired by GSU on or about January 28, 2008 in the position of Office Manager.

7. Ms. Gray is currently employed by GSU, but GSU has taken adverse employment actions against her by failing to adequately compensate her in salary and benefits for the job she is performing, or to provide her with the appropriate job title and classification.

8. From approximately August 2015 to August 2016, Ms. Gray was performing the job responsibilities most closely associated with the position Assistant to the Dean. During this time, Ms. Gray did not receive a formal promotion to the job she was actually performing, which meant she did not have the title of Assistant to the Dean (or other appropriate title) and her salary and benefits were not sufficiently increased to reflect her increased job responsibilities.

9. GSU recently offered Ms. Gray a new contract that provides her with some, but not all, of the salary and benefits her job responsibilities entitle her to.

10. On January 17, 2015, Ms. Gray perfected Charge No. 2015SA1763, which had originally been filed on October 30, 2014, with the Illinois Department of Human Rights and the EEOC alleging claims of discrimination on the basis of age, race and retaliation.

11. Ms. Gray's 2015 Charge was based on GSU's failure to promote Ms. Gray to the position of Administrative Assistant when they hired a much younger, less-experienced candidate who scored lower on the civil service exam to fill the position.

12. Ms. Gray's 2015 Charge is currently pending before the EEOC.

13. GSU repeatedly told Ms. Gray that she was not being promoted or given the title and salary of the job she was actually performing because of a "promotion freeze" in place because of budget issues. During the time of the purported "promotion freeze", Ms. Gray is aware of at least 5 other GSU employees who were nonetheless promoted and given salary

increases. All of these individuals were younger than Ms. Gray and had not to her knowledge filed complaints of discrimination against GSU.

14. Ms. Gray, her Dean, and representatives of Human Resources had multiple conversations concerning Ms. Gray's title and salary. In the course of these discussions, the position of Human Resources frequently changed and conflicted with previous positions. In addition, Human Resources frequently made employment and benefit issues difficult for Ms. Gray, including with respect to vacation, her bonus salary, and other issues, providing further evidence of an intent to discriminate against her based on her age and in retaliation for her previous claims of discrimination.

15. GSU laid off a number of employees in the Summer of 2016. Ms. Gray is informed and believes that a number of employees over 40, ranging from their 50s to 80s, were treated worse than younger employees. This is further evidence of GSU's differential treatment of older employees.

16. On March 25, 2016, Ms. Gray filed a Charge of Discrimination (EEOC No. 440-2016-02737) against GSU alleging discrimination on the basis of race and retaliation. On June 30, 2016, the EEOC issued a right to sue letter. Ms. Gray has therefore exhausted her administrative remedies.

**COUNT I**

**Age Discrimination under 29 U.S.C. §623(a)(1)**

17. Ms. Gray realleges and incorporates the allegations in paragraphs 1 through 16 as though fully set forth herein.

18. Ms. Gray is currently 69 years old, and she was over 40 at the time of the adverse employment actions that support this claim of discrimination. Accordingly, Ms. Gray is protected under the ADEA.

19. GSU is an employer under the terms of the ADEA.

20. Ms. Gray suffered adverse employment actions from GSU by, among other things, its failure to provide her salary and benefits commensurate with the job duties she was performing.

21. GSU wrongfully took these adverse employment actions against Ms. Gray because of her age.

22. Ms. Gray was damaged and continues to suffer damages by GSU's failure to promote her and pay her commensurate with the job responsibilities she was and is actually performing.

## COUNT II

### Retaliation under 29 U.S.C. §623(d)

23. Ms. Gray realleges and incorporates the allegations in paragraphs 1 through 22 as though fully set forth herein.

24. Prior to the events giving rise to this claim of discrimination, Ms. Gray previously filed another Charge of Discrimination with the EEOC alleging discrimination in her employment by GSU.

25. After Ms. Gray filed her prior EEOC Charge against GSU, she suffered adverse employment actions from GSU by, among other things, its failure to provide her salary and benefits commensurate with the job duties she was performing.

26. GSU wrongfully took these adverse employment actions against Ms. Gray in retaliation for her filing claims of discrimination against GSU.

27. Ms. Gray was damaged by GSU's failure to promote her and pay her commensurate with the job responsibilities she was actually performing.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Gray respectfully requests that this Court find in her favor and award her:

1. Compensatory damages;

2. Injunctive relief requiring Defendant to provide adequate compensation in salary and benefits to Ms. Gray;

3. Attorneys' fees and costs; and

4. Other such relief as the Court deems just.

Dated: September 7, 2016     ADRIENNE GRAY

By: _____/s/_____
Her Attorney

Ed Mullen, Esq.
2129 N. Western Ave.
Chicago, IL 60647
312.508.9433
ed_mullen@mac.com
Atty. No. 6286924